## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **RONALD REID,** | ) |
| | ) |
| *Plaintiff,* | ) Civil Action No: 20-CV-00050 |
| | ) |
| v. | ) |
| | ) Judge Trauger |
| **William Lee, Governor of the State** | ) |
| **of Tennessee, in his official capacity;** | ) |
| | ) JURY TRIAL DEMANDED |
| **Et al,** | ) |
| | ) |
| *Defendants.* | ) |

## DEFENDANT DAVID RAUSCH'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Director David Rausch submits the following objections and responses to Plaintiff's First Interrogatories. Director Rausch objects to providing information protected by the attorney/client privilege, the deliberative process privilege, and the work product doctrine. Subject to these objections and without waiving them, Director Rausch responds as follows:

## INTERROGATORIES

1. Please identify any evidence tending to show that SORA generally reduces the incidence of criminal offenses.

**RESPONSE:**

OBJECTIONS:

Pursuant to Fed. R. Civ. P. 26(b)(1), the request exceeds the scope of discoverable information for the following reasons:
1. It seeks information that is not relevant to a claim or defense in an as-applied challenge.
2. The request is both vague and overly broad ("any evidence," "tending to show," "generally reduces").
3. The request lacks any time constraints, and SORA has been amended multiple times.

Subject to and without waiving this objection, Director Rausch submits that he does not have the requested evidence.

2. Please identify any evidence tending to show any other societal benefits of SORA.

**RESPONSE:**

OBJECTIONS:

Pursuant to Fed. R. Civ. P. 26(b)(1), the request exceeds the scope of discoverable information for the following reasons:
1. It seeks information that is not relevant to a claim or defense in an as-applied challenge.
2. The request is both vague and overly broad ("any evidence," "tending to show," "any other societal benefits").
3. The request lacks any time constraints, and SORA has been amended multiple times.

Subject to and without waiving this objection, Director Rausch submits that he does not have the requested evidence.

3. Please identify any evidence tending to show that SORA generally increases the incidence of criminal offenses.

**RESPONSE:**

OBJECTIONS:

Pursuant to Fed. R. Civ. P. 26(b)(1), the request exceeds the scope of discoverable information for the following reasons:
1. It seeks information that is not relevant to a claim or defense in an as-applied challenge.

2. The request is both vague overly broad ("any evidence," "tending to show," "generally increases").
3. The request lacks any time constraints, and SORA has been amended multiple times.

Subject to and without waiving this objection, Director Rausch submits that he does not have the requested evidence.

4. Please identify any evidence tending to show any other societal harms from SORA

**RESPONSE**:

OBJECTIONS:

Pursuant to Fed. R. Civ. P. 26(b)(1), the request exceeds the scope of discoverable information for the following reasons:
1. It seeks information that is not relevant to a claim or defense in an as-applied challenge.
2. The request is both vague and overly broad ("any evidence," "tending to show," "any other societal harms").
3. The request lacks any time constraints, and SORA has been amended multiple times.

Subject to and without waiving this objection, Director Rausch submits that he does not have the requested evidence.

5. Please identify any evidence the legislature considered in enacting any aspect of SORA.

**RESPONSE:**

OBJECTIONS:

Pursuant to Fed. R. Civ. P. 26(b)(1), the request exceeds the scope of discoverable information for the following reasons:
1. It seeks information that is not relevant to a claim or defense in an as-applied challenge.
2. It seeks information that is not proportional to the needs of the case, considering the parties' resources. Director Rausch is not a member of the legislative branch, and consequently, the parties have relatively equal access to this information.
3. The request is both vague and overly broad ("any evidence," "considered," "any aspect").
4. The request lacks any time constraints, and SORA has been amended multiple times.

Subject to and without waiving this objection, Director Rausch submits that he does not have the requested evidence.

6. Please identify any evidence tending to show that failure to enforce SORA on Plaintiff will increase the likelihood of Plaintiff committing future criminal offenses.

Case 3:20-cv-00050   Document 62-10   Filed 02/04/22   Page 3 of 8 PageID #: 685

**RESPONSE:**

OBJECTIONS:
Pursuant to Fed. R. Civ. P. 26(b)(1), the request exceeds the scope of discoverable information for the following reasons:

1. The request is both vague and overly broad ("any evidence," "tending to show").
2. The request requires speculation.

Subject to and without waiving this objection, Director Rausch submits that he does not have the requested evidence.

7. Please list the legislature's rationales for each statutory enactment comprising SORA.

**RESPONSE:**

OBJECTIONS:

Pursuant to Fed. R. Civ. P. 26(b)(1), the request exceeds the scope of discoverable information for for the following reasons:
1. It seeks information that is not relevant to a claim or defense in an as-applied challenge.
2. It seeks information that is not proportional to the needs of the case, considering the parties' resources. Director Rausch is not a member of the legislative branch, and consequently, the parties have relatively equal access to this information.
3. The request is both vague and overly broad ("any evidence," "considered," "any aspect").
4. The request lacks any time constraints, and SORA has been amended multiple times.

Subject to and without waiving this objection, Director Rausch responds that Tenn. Code Ann. § 40-39-201(b) contains eight findings of the General Assembly that are relevant to SORA. Director Rausch submits he does not have other evidence.

8. Please identify all ways in which the legislature has narrowed any aspect of SORA in order to avoid infringing the Constitutional right against *ex parte* punishment.

**RESPONSE**:

OBJECTIONS:

Pursuant to Fed. R. Civ. P. 26(b)(1), the request exceeds the scope of discoverable information for the following reasons:
1. It seeks information that is not relevant to a claim or defense in an as-applied challenge.
2. It seeks information that is not proportional to the needs of the case, considering the parties' resources. Director Rausch is not a member of the legislative branch, and consequently, the parties have relatively equal access to this information.
3. The request is both vague and overly broad ("all ways," "narrowed any aspect").
4. The request lacks any time constraints, and SORA has been amended multiple times.
5. The request calls for a legal conclusions.

Subject to and without waiving this objection, Director Rausch submits that he does not have the requested evidence.

9. Please list all justifications relied on by Defendants for enforcing SORA on Plaintiff notwithstanding Plaintiff's Constitutional right against *ex post facto* punishment.

**RESPONSE**:

OBJECTIONS:

Pursuant to Fed. R. Civ. P. 26(b)(1), the request exceeds the scope of discoverable information for the following reasons:
1. It seeks information that is not relevant to a claim or defense in an as-applied challenge.
2. Director Rausch does not enforce SORA on Plaintiff.
3. The request is both vague and overly broad ("all justifications").
4. The request lacks any time constraints, and SORA has been amended multiple times.
5. The request calls for a legal conclusion.

Subject to and without waiving this objection, Director Rausch submits that Tenn. Code Ann. § 40-39-207(g)(2)(B) requires Plaintiff to be on the sexual offender registry for life. Director Rausch submits that he does not have other requested evidence.

## VERIFICATION

STATE OF TENNESSEE_____ )

COUNTY OF Davidson )

I, **David Rausch,** being duly sworn upon his oath, state:

I have read the foregoing interrogatories and provided the foregoing answers to them. I certify that the foregoing answers are true to the best of my knowledge, information, and belief.

_____
**David Rausch**
Director, Tennessee Bureau of Investigation

Subscribed and sworn to before me this

4th day of January, 2020 CLH

_____
Catherine L. Haynes
NOTARY PUBLIC

MY COMMISSION EXPIRES: March 8, 2021

*[Notary Seal: CATHERINE L. HAYNES, STATE OF TENNESSEE NOTARY PUBLIC, DAVIDSON COUNTY, MY COMMISSION EXPIRES 3-8-2021]*

## REQUESTS FOR PRODUCTION

1. Please produce a copy of any evidence listed in response to Interrogatory No. 1.

**RESPONSE:**

Defendant has no responsive documents.

2. Please produce a copy of any evidence listed in response to Interrogatory No. 2.

**RESPONSE:**

Defendant has no responsive documents.

3. Please produce a copy of any evidence listed in response to Interrogatory No. 3.

**RESPONSE:**

Defendant has no responsive documents.

4. Please produce a copy of any evidence listed in response to Interrogatory No. 4.

**RESPONSE:**

Defendant has no responsive documents.

5. Please produce a copy of any evidence listed in response to Interrogatory No. 5.

**RESPONSE:**

Defendant has no responsive documents.

6. Please produce a copy of any evidence listed in response to Interrogatory No. 6.

**RESPONSE:**

Defendant has no responsive documents.

7. Please produce a copy of Plaintiff's TBI Sex Offender Registry file.

**RESPONSE:**

Defendant is producing Plaintiff's TBI Sex Offender Registry file.

8. Please produce a copy of any TDOC files relating to Plaintiff.

**RESPONSE:**

Other than what is produced pursuant to RFP #7, Defendant has no responsive documents.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Rob Mitchell
ROB MITCHELL (32266)
Assistant Attorney General

s/ Miranda Jones
MIRANDA JONES (36070)
Assistant Attorney General

Law Enforcement and Special
Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-6023
Fax (615) 532-4892
robert.mitchell@ag.tn.gov
miranda.jones@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served via email by agreement to:

Kyle Mothershead
414 Union Street, Suite 900
Nashville, TN 37219
T: (615) 982-8002
F: (615) 229-6387
kyle@mothersheadlaw.com
*Attorney for Plaintiff*

Brook Fox
Michael R. Dohn
Assistant Metropolitan Attorneys
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
brook.fox@nashville.gov
michael.dohn@nashville.gov
*Attorneys for Metropolitan Government of*
*Nashville/Davidson County, Tennessee*

On this the 5th day of January, 2020.