IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| RONALD REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-cv-00050 |
| | ) | |
| WILLIAM LEE, Governor of the State of Tennessee, in his official capacity; DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, in his official capacity; and METROPOLITAN GOVERNMENT OF NASHVILLE-DAVIDSON COUNTY, TENNESSEE, | ) ) ) ) ) ) ) ) | District Judge Aleta A. Trauger

Magistrate Judge Holmes |
| | ) | |
| Defendants. | ) | |

_____

**STATE DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**
_____

Defendants William Lee, Governor, and David B. Rausch, Director of the Tennessee Bureau of Investigation ("the State Defendants"), submit this reply in support of their motion for summary judgment (D.E. 65, 66), which Plaintiff has opposed. (D.E. 70.)

**ARGUMENT**

**I.   Plaintiff's Arguments Notwithstanding, He Has Not Shown by the "Clearest Proof" that the Act is Punitive in Effect.**

Plaintiff argues the State Defendants' motion for summary judgment should be denied, and for support, he largely points to non-binding opinions by other courts rather than the record in this case. Because the ex post facto analysis is, in part, "fact-intensive," the record in this case determines the outcome. *Reid v. Lee*, 476 F. Supp. 3d, 684, 706-07 (M.D. Tenn. 2020*); see also Hope v. Commissioner of Indiana Dept. of Correction*, 9 F.4th 513, 534 (7th Cir. 2021) (en banc)

("The plaintiffs have not carried their heavy burden of proving that SORA is so punitive in effect as to override the Indiana legislature's intent to enact a civil law."). Plaintiff has failed to show the Act meets any of the five factors enumerated in *Snyder*[1] that courts consider when determining whether a law is punitive in effect. Therefore, Plaintiff's ex post facto claim fails.

**A. The Act does not inflict what has historically been regarded as punishment.**

**1. Banishment.** Plaintiff does not respond to the State Defendants' argument that the record does not show that "the Act expels sexual offenders from the socio-political community of the State." (D.E. 66, PageID# 907.) Instead, Plaintiff focuses on (1) the Act's effect on Plaintiff, and (2) Davidson County. (D.E. 70, PageID# 1258.) But facts about individualized effects are not a proper basis for finding an ex post facto violation. *See Seling v. Young*, 531 U.S. 250, 262 (2001) ("[T]his Court expressly disapproved of evaluating the civil nature of an Act by reference to the effect that Act has on a single individual."); *Does #1-9 v. Lee*, No. 3:21-CV-00590, 2021 WL 5761039, at *3 (M.D. Tenn. Dec. 3, 2021). And although this Court previously took judicial notice that there are "parks, schools, child care facilities, and recreation areas…spread throughout at least much of [Nashville]" (D.E. 42, PageID# 288), there is no proof in this case as to how much of Davidson County falls under the Act's provisions, nor how many offenders are affected.

Likewise, Plaintiff's push for the Court to take judicial notice of maps introduced in another case is improper. (D.E. 70, PageID# 1258.) *Rogers v. Webstaurant Store, Inc.*, 774 F. App'x 278, 282 (6th Cir. 2019) ("A court *cannot* take notice of disputed court filings or disputed subjects in other cases."); *U.S v. Neal*, 577 F. App'x 434, 452 n.11 (6th Cir. Aug. 18, 2014). Thus, the Act as written and the evidence in the record of the Act's effects do not show by the clearest proof that the Act's restrictions equate to banishment.

---

[1] *Does #1-5 v. Snyder*, 834 F.3d 696, 701 (6th Cir. 2016).

**2. Shaming.**  Plaintiff next insists that the Act shames Plaintiff because (1) he is classified as a "violent sexual offender" and (2) after he was arrested for violating the Act a news article stated he was classified as a "violent sexual offender." (D.E. 70, PageID# 1259.)  But Plaintiff's testimony shows that his conviction was for a violent sexual offense: he broke into a woman's home and raped her.  (Pl. Dep. 9:1-8.)  Hence any stigma resulting from publicly designating a Plaintiff as a violent sexual offender "results not from public display for ridicule and shaming but from the dissemination of accurate information about a criminal record." *Smith v. Doe*, 538 U.S. 84, 98 (2003); *see id*. at 98-99 (stating that publication on the Internet "does not alter [the] conclusion" that "dissemination of truthful information in furtherance of a legitimate governmental objective" is not punishment); *see also Hope*, 9 F.4th at 531 (finding that applying "categorical labels" to offenders like "'sexually violent offender' or 'offender against children' . . . . falls short of public shaming" because these labels "transmit[] accurate information about the underlying conviction").

**3. Probation or parole.**  Without pointing to any facts in the record of this case, Plaintiff asserts the Act "is more intrusive than many forms of probation and parole." (D.E. 70, PageID# 1260.)  But the Act does not require law enforcement's consent as a condition precedent to moving or changing employment, *see* Tenn. Code Ann. § 40-39-211, nor does the Act require random drug tests, home visits, community service, medical or psychiatric treatment, transdermal monitoring devices, or restitution.  The record does not show that the Act resembles probation or parole.

**B. Nor Does the Act Impose an Affirmative Disability or Restraint.**

Plaintiff's only response to the State Defendant's argument that the Act does not impose an affirmative disability or restraint is to point to decisions in two other cases and emphasize that the Act's "requirements are backed by the threat of arrest and prosecution for a felony." (D.E. 70, PageID# 1261.)  First, facts in the record do not show that the Act generally imposes affirmative

3
Case 3:20-cv-00050   Document 77   Filed 03/04/22   Page 3 of 7 PageID #: 1380

disability or restraint on sexual offenders. *See Smith*, 538 U.S. at 100 ("The record in this case contains no evidence that the Act has led to substantial occupational or housing disadvantages for former sex offenders that would not have otherwise occurred through the use of routine background checks by employers and landlords."). Second, although the Act is enforceable through criminal penalties, those penalties are a consequence distinct from a sexual offender's original offense—unlike the possibility that parole or probation may be revoked, which is tied to the underlying criminal punishment. *Smith*, 538 U.S. at 101-02 ("A sex offender who fails to comply with the reporting requirement may be subjected to criminal prosecution for that failure, but any prosecution [for violating a sex offender registry statute] is a proceeding separate from the individual's original offense."); *Hope*, 9 F.4th at 532; *Shaw v. Patton*, 823 F.3d 556, 566 (10th Cir. 2016). And third, as circuit courts have found, enforceability of the Act through criminal penalties part of the aforementioned probation and parole analysis —it is not part of the disability or restraint determination. *Id.*; *Hope*, 9 F.4th at 532; *but see Doe #1 v. Lee*, 518 F. Supp. 3d 1157, 1197 (M.D. Tenn. 2021).

### C. The Act Does Not Promote the Traditional Aims of Punishment.

Again, Plaintiff does not point to anything in the record to dispute the State Defendants' argument that the Act does not promote the traditional aims of punishment; Plaintiff simply cites findings in other judicial opinions. (D.E. 70, PageID# 1261.) However, even the cited opinions acknowledged that "the significance of this factor is relatively minor" due to the overlap in the purposes of civil and punitive laws. *Doe #1 v. Lee*, 518 F. Supp. 3d 1157, 1198 (M.D. Tenn. 2021); *Doe v. Rausch*, 382 F. Supp. 3d 783, 797 (E.D. Tenn. 2019). And, regardless, Plaintiff has not presented any evidence to overcome the General Assembly's clear aim to promote public safety by protecting and informing Tennesseans. Tenn. Code Ann. § 40-39-201.

4

Case 3:20-cv-00050   Document 77   Filed 03/04/22   Page 4 of 7 PageID #: 1381

### D. The Act Has a Rational Connection to its Non-Punitive Purpose.

Rather than providing evidence to show that the Act lacks a rational connection to its non-punitive purpose, Plaintiff contends it is the State Defendants' burden to demonstrate such connection. (D.E. 70, PageID# 1261-62.) But as explained in the State Defendants' memorandum in support of their motion for summary judgment (D.E. 66, PagID#913), due to the quasi-facial nature of an as-applied ex post facto challenge like this one, the party challenging the statute bears the burden of proof. *See Seling*, 531 U.S. at 261. And in any event, "[a] statute is not deemed punitive simply because it lacks a close or perfect fit with the nonpunitive aims it seeks to advance." *Smith*, 538 U.S. at 103. Instead, there must be proof "that the Act's nonpunitive purpose is a 'sham or mere pretext.'" *Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 371 (1997) (Kennedy, J., concurring)). The record in this case contains no such evidence.

### E. The Act Is Not Excessive with Respect to Its Non-Punitive Purpose.

Last, Plaintiff disputes the State Defendants' assertion and evidence that the Act is not excessive with respect to its non-punitive purpose, but Plaintiff points to nothing in the record to the contrary. (D.E. 70, PageID# 1262.) And it is Plaintiff's burden to show by the clearest proof that the Act *is* excessive, which Plaintiff has not done. *Seling*, 531 U.S. at 261-62.

## CONCLUSION

The record in this case does not show that the Act is so punitive in effect as to negate the legislature's intent to enact a civil law, compelling a conclusion that the Act does not impose retroactive punishment. For these reasons, the State Defendants respectfully request that the Court grant their motion for summary judgment.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Rob Mitchell
ROB MITCHELL (32266)
Senior Assistant Attorney General

s/ Miranda Jones
MIRANDA JONES (36070)
Assistant Attorney General

Law Enforcement and
Special Prosecutions
Division
Office of the Tennessee
Attorney General and
Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-6023
Fax (615) 532-4892
robert.mitchell@ag.tn.gov
miranda.jones@ag.tn.gov
*Counsel for Defendants Lee and Rausch*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been filed and served by the Court's electronic filing system upon:

Kyle Mothershead
2901 Dobbs Ave.
Nashville, TN 37211
T: (615) 982-8002
F: (615) 229-6387
kyle@relentlesslaw.com
*Counsel for Plaintiff*

J. Brooks Fox
Michael R. Dohn
Assistant Metropolitan Attorneys
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
brook.fox@nashville.gov
michael.dohn@nashville.gov
*Counsel for Metropolitan Government of Nashville/Davidson County, Tennessee*

On this the 4th day of March, 2022.

s/ Rob Mitchell
ROB MITCHELL